UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA J. KINDEL,<br>Plaintiff(s),<br>v.<br>AVERA BEHAVIORAL HEALTH,<br>Defendant(s). | CASE NO. C26-1565-KKE-TLF<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION, GRANTING IFP APPLICATION, AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Plaintiff, representing herself, filed a civil rights complaint and a motion to waive the filing fee in April 2026, and did not provide a mailing address at that time. Dkt. No. 1. United States Magistrate Judge Theresa L. Fricke filed a report emphasizing Plaintiff's obligation to provide a valid address and recommending that the Court deny the fee waiver motion and dismiss the proposed complaint without prejudice. Dkt. No. 8.

After Judge Fricke's R&R was filed, Plaintiff provided an address but did not address the substance of the R&R.[1] Dkt. No. 9. Plaintiff notes that she was hospitalized from late May through mid-June 2026. *Id*.

Because Plaintiff has now provided a current address, the Court declines to adopt Judge Fricke's R&R to the extent it recommends that the fee waiver motion should be denied and the

[1] Thus, although Plaintiff's notice is styled as an "objection" on the docket (Dkt. No. 9), it was not written in response to Judge Fricke's R&R and is therefore TERMINATED.

proposed complaint dismissed for failure to prosecute. Instead, the Court GRANTS Plaintiff's motion to waive the filing fee (Dkt. No. 1) because Plaintiff does not appear to have funds available to afford the fee, but the Court must nonetheless review the complaint. The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court accepts Judge Fricke's assessment of Plaintiff's claim for violation of her constitutional rights, however, and incorporates that analysis here.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

The first step in reviewing a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations are insufficient to state a claim. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 applies only to persons acting "under color of state law." *Parratt*, 451 U.S. at 535. A private hospital is generally not a state actor for purposes of § 1983 unless its conduct is "fairly attributable to the State." *See West v. Atkins*, 487 U.S. 42, 49 (1988).

In her complaint, Plaintiff alleges that Avera Behavioral Health employees violated her rights under the Fourth Amendment, Eighth Amendment, and the Fourteenth Amendment to the United States Constitution. Dkt. No. 1-1 at 10–11. Plaintiff alleges she agreed to voluntarily admit herself for services from Avera Behavioral Health, completed the initial interview process, but walked away because she did not feel safe and felt threatened by male staff. *Id*. at 15, 29–38. She claims the staff tried to go through her belongings and alleges it was an "unreasonable search and seizure." *Id*. at 16. Three security guards and the Sioux Falls, South Dakota police were called at the time of the incident. *Id*. at 17. She claims a police officer was "blocking [her], controlling [her], restraining [her] freedom of movement, false imprisonment." *Id*. at 18. She alleges the police officer and guards used excessive force. *Id*.

Plaintiff goes on to allege that Avera Behavioral Health obtained a court order and had Plaintiff involuntarily admitted. Dkt. No. 1-1 at 18. A body search was conducted and Plaintiff's belongings were taken by staff. *Id*. She claims she was placed in the psychiatric hold "illegally" and "against [her] will." *Id*. at 23. She seeks damages in the amount of $100 trillion, with current and future medical expenses, therapy costs, lost wages, and punitive damages. *Id*. at 50–51.

But Plaintiff alleges no facts showing that Avera Behavioral Health, or its staff, acted under color of state law. And although a Sioux Falls police officer is mentioned in the proposed complaint, the officer is not named as a Defendant. The only defendant named in the proposed complaint—Avera Behavioral Health—is not a proper defendant for a Section 1983 claim, based on the allegations presented.

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is representing herself, the Court shall construe her pleadings liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

Regardless, her complaint must still include factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When dismissing a complaint under § 1915, courts give *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Because Plaintiff's proposed complaint, even construed liberally, does not state a claim upon which relief can be granted, the Court DISMISSES Plaintiff's complaint.[2] No later than September 30, 2026, Plaintiff may file an amended complaint to correct these deficiencies. An amended complaint operates as a complete substitute for the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, the Court will close this case.

The clerk is directed to send Plaintiff (1) the appropriate forms for filing a civil rights complaint, (2) a copy of this order, and (3) the Pro Se Guide to Filing Your Lawsuit in Federal Court; and to TERMINATE Plaintiff's objections (Dkt. No. 9).

Dated this 26th day of August, 2026.

Kymberly K. Evanson
United States District Judge

[2] As noted in Judge Fricke's R&R, Plaintiff's complaint refers to state claims, including negligence, false imprisonment, intentional infliction of emotional distress, and tort claims. Dkt. No. 8 at 9. At the time that Judge Fricke entered the R&R, it was not clear whether the Court could exert diversity jurisdiction over the claims; now that Plaintiff has clarified that she resides in Washington, it appears that there may not be complete diversity of citizenship between the parties. *See id*. at 9–10. Whether the Court could exercise supplemental jurisdiction over those claims would depend on the existence of a valid federal claim. Accordingly, the Court declines to address these state-law claims further and will revisit the issue as needed with respect to an amended complaint.